UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CARL BORNEMANN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01416 (VLB) |
| COLIN C. TAIT ET AL., | : | |
| Defendants. | : | January 18, 2008 |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS [Docs. #40, 41]

This case concerns a petition filed by the defendant Nextel Communications, Inc. (Nextel), and approved by the defendant members of the State of Connecticut Siting Council (council). Nextel's petition sought a declaratory ruling by the council that a certificate of environmental compatibility and public need was not required in order for Nextel to install a cellular telephone antenna on an existing utility pole located on certain property owned by the plaintiff, Carl Bornemann. Three months after the council approved Nextel's petition, Bornemann objected to the approval and petitioned the council to order Nextel to fund research regarding the effects of cellular telephone radiation on wildlife. The council denied Bornemann's petition, relying on 47 U.S.C. § 332(c)(7)(B)(iv), which prohibits state and local governments from regulating "personal wireless facilities on the basis of the environmental effects of radio frequency emissions . . . ."

Bornemann then filed the present case, seeking a declaratory judgment that (1) the "environmental effects" mentioned in 47 U.S.C. § 332(c)(7)(B)(iv) are related only to humans and not to wildlife; (2) the council has the power to order Nextel to fund environmental research; (3) the council has an obligation under Connecticut state law to minimize the environmental damage resulting from equipment that the council has approved; and (4) the council's approval of Nextel's petition without consulting Bornemann violated his property and due process rights. Approximately one month after Bornemann filed this case, Nextel decided to abandon its plan to install a cellular telephone antenna on the utility pole located on Bornemann's property. Nextel notified the council of its decision, and the council then vacated its approval of Nextel's petition. The council also determined that Bornemann's petition regarding the funding of environmental research by Nextel was moot.

Pursuant to Fed. R. Civ. P. 12(b)(1), Nextel and the council have filed motions to dismiss on the ground that the case is moot and, therefore, the Court lacks subject matter jurisdiction. Nextel and the council argue that a case or controversy has ceased to exist because Nextel has abandoned the proposed installation of the cellular telephone antenna and the council has vacated its approval of the installation. Bornemann argues in opposition that the case is not moot because Nextel might seek approval to install the antenna at some future time and because the council's previous approval of Nextel's petition demonstrates that the council is not giving enough consideration to the

environmental impact of equipment that the council approves.

"When a case becomes moot, the federal courts lack[ ] subject matter jurisdiction over the action. . . . A case is moot . . . when the parties lack a legally cognizable interest in the outcome." Fox v. Board of Trustees of State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994). There is "an exception to the mootness doctrine for cases that are capable of repetition, yet evading review. . . . In the absence of a class action, a controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Independence Party of Richmond County v. Graham, 413 F.3d 252, 256 (2d Cir. 2005).

The Court concludes that this case is plainly moot because Nextel decided not to install the cellular telephone antenna on the utility pole located on Bornemann's property and the council vacated its approval of the installation. If Nextel reverses itself and decides to seek new approval of the installation in the future, Bornemann will have an opportunity to challenge that activity when it occurs. Approval of the installation is not "capable of repetition, yet evading review" because the approval process is not too short to be fully litigated if it occurs again in the future. At the present time, Bornemann does not have a legally cognizable interest in pursuing his belief that the council gives insufficient consideration to the environment.

Nextel's and the council's motions to dismiss [Docs. #40, 41] are GRANTED.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  January 18, 2008.